**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**SHAIDON BLAKE,**

          **Plaintiff,**

    v.                                      CASE NO. 21-3047-SAC

**JEFF ZMUDA, et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

**I. Nature of the Matter before the Court**

Plaintiff, an inmate of El Dorado Correctional Facility ("EDCF"), filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1, p. 1.) Plaintiff names two defendants: Jeff Zmuda, the Secretary of the Kansas Department of Corrections ("KDOC"), and EDCF Warden Sam Cline. *Id.* As the factual background for this complaint, Plaintiff alleges that prison staff ignored policy put into place to reduce transmission of the COVID-19 virus, Defendants did not enforce said policy after Plaintiff informed them of violations, and, as a result of being placed in an improperly disinfected cell, Plaintiff contracted COVID-19. *Id.* at 2.

As Count I of his complaint, Plaintiff claims that Defendants' failure to enforce social distancing and mask requirements constituted gross negligence and/or deliberate indifference. *Id.* at 3. As supporting facts for this claim, he specifically alleges that while he was in segregation, prison staff refused to properly

1

wear face masks as required by policy. *Id.* Plaintiff asserts that he informed both Defendants that staff were ignoring the mask policy and "nothing was done." *Id.* at 3-5.

Plaintiff tested negative for COVID-19 on September 3, 2020, but after returning to EDCF after a hospital visit, he was placed in a quarantine cell that had not been cleaned since the last occupant—who had tested positive for COVID-19—had left. *Id.* at 4. Twenty-four hours later, Plaintiff became extremely sick, and he tested positive for COVID-19 on approximately September 10, 2020. *Id.* Plaintiff asserts that his constitutional "right to be secure in [his] person" was violated. *Id.* at 3.

As Count II, plaintiff claims that Defendants committed attempted negligent homicide *Id.* at 3. In support, he alleges that Defendants failed to ensure that staff "adhere[d] to established state policy" and, in doing so, did not "ensure public safety, or the safety of the population." *Id.* at 3. He alleges that Defendants' failure to act constituted deliberate indifference that put his life in danger, as he could have died from COVID-19, which has no known cure. *Id.* at 5. Plaintiff's request for relief includes compensatory and punitive money damages.

## II. Screening Standards

Because Mr. Blake is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which

2

relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**III. Discussion**

    **A. Failure to State a Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's

3

behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

**1. Failure to Allege Personal Participation by Defendants**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

It is unclear whether Plaintiff intends to base his claims on Defendants' alleged failure to enforce the mask and social distancing policies or on the decision to house him in an allegedly improperly disinfected cell, after which he contracted COVID-19. Either way, Plaintiff has failed to adequately allege each Defendant's personal involvement.

To the extent that Plaintiff asserts Defendants' personal involvement through their failures to respond as desired to his grievances about staff noncompliance with a mask policy, an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the

5

violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

To the extent that Plaintiff bases his claims on staff placing him into an allegedly improperly cleaned or disinfected cell after his return from the hospital, Plaintiff has failed to allege any personal involvement by Defendants in the decision to place or keep him in that cell.

**2. Failure to Allege a Federal Constitutional Violation**

**a. Negligence**

As noted, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." In Count I, Plaintiff alleges that Defendants' "gross negligence" by failing to enforce policy caused his injury. (Doc. 1, p. 3.) Plaintiff also refers to Defendants' negligent behavior in Court II. *Id.* Claims under § 1983 may not be predicated on mere negligence. *See Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992)("negligence and gross negligence do not give rise to section 1983 liability"). A claim of simple negligence must be brought in state rather than federal court as it is not an adequate basis for claiming cruel and unusual punishment under the Eighth Amendment.

**b. Eighth Amendment**

Plaintiff also asserts that Defendants' failure to enforce

6

policy violated his "[r]ight to be secure in [his] person." (Doc. 1, p. 3.) Although Plaintiff has not identified the specific constitutional provision he believes was violated, the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Smith v. Allbaugh*, 987 F.3d 906, 910 (10th Cir. 2021) (internal quotation marks and citations omitted). "Only deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

To state a claim of cruel and unusual punishment, Plaintiff must establish "deliberate indifference" by the Defendants, which includes both an objective and subjective component. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005). To satisfy the objective component, Plaintiff must allege facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer*, 511 U.S. at 834; *Martinez*, 430 F.3d at 1304. For the subjective component, Plaintiff must prove that each Defendant was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837; *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference

"requires both knowledge and disregard of possible risks."). It is not enough to establish that the official should have known of the risk of harm. *Farmer*, 511 U.S. at 837–38; *Barney*, 143 F.3d at 1310.

Although Plaintiff generally alleges that he informed Defendants through the grievance procedures that prison staff were not complying with the mask and social distancing policies, he has not alleged any facts that, if true, would show that Defendants drew the inference that a substantial risk of serious harm to Plaintiff existed and that they then disregarded that risk. Regarding his claim that he contracted COVID-19 due to his cell placement after he returned from the hospital, Plaintiff has not alleged facts indicating that Defendants knew that he was placed in a cell that had not been properly disinfected or that Defendants drew the inference that his placement caused a substantial risk of serious harm and disregarded that risk.

### c. Attempted Negligent Homicide

Finally, in Count II, Plaintiff does not identify any federal constitutional right he believes was violated. He alleges only that Defendants committed "attempted negligent homicide." To the extent that Plaintiff intends this to be a ground for relief separate from his Eighth Amendment claim, Plaintiff has not identified the corresponding federal constitutional right he believes was violated. The court is not free to "construct a legal theory on a plaintiff's behalf."

## IV. Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. The Court grants Plaintiff the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] In his amended complaint, Plaintiff must (1) identify proper defendants; (2) identify the particular federal constitutional right or rights he believes Defendants violated; (3) allege sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court; and (4) allege sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the given time that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint.

**IT IS THEREFORE ORDERD** that Plaintiff is granted until July 29, 2021 to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

---

[1] An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original complaint. Plaintiff must write the number of this case (21-3047) at the top of the first page of the amended complaint. *See* Fed. R. Civ. P. Rule 10. He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 29th day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge