IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAIDON BLAKE,

    **Plaintiff,**

    v.                                CASE NO. 21-3047-SAC

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On June 29, 2021, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), directing Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 5), and the Court entered a second Memorandum and Order and Order to Show Cause (Doc. 6) (MOSC II) directing Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set out in the MOSC II. This matter is before the Court on Plaintiff's Response (Doc. 7).

The Court finds that Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC II. Plaintiff claims in his Amended Complaint that staff at EDCF failed to comply with mask policies and other measures put in place to prevent the spread of Covid-19. Plaintiff alleges that grievances were ignored, which put lives in danger. Plaintiff also alleges that he was placed in a cell that was not properly sanitized after

an inmate with Covid occupied the cell.  Plaintiff also asserts an unrelated claim regarding his disciplinary proceedings.

In his Response, Plaintiff seeks punitive damages, claiming that inmates are normally provided with cleaning supplies to clean their cells, which apparently was not done in his case. Otherwise, he does not indicate how he is aware that his cell was not properly sanitized.  Plaintiff's allegations suggest, at most, negligence and do not rise to the level of deliberate indifference as set forth in the MOSC II.  The Court found in the MOSC II that Plaintiff failed to show that defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.

Plaintiff also alleges in his response that he was denied due process and equal protection at his disciplinary hearing, resulting in his placement in segregation.  Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated.  *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007).  The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."  *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions.  *Balisok*, 520 U.S. at 648.

The Court found in the MOSC II that Plaintiff failed to allege how he was denied equal protection or due process. The Due Process Clause protects against "deprivations of life, liberty,

or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or policies." *Id*. (citing *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution); *Wolff v. McDonnell*, 418 U.S. 539, 556–58 (1974) (liberty interest in avoiding withdrawal of state-created system of good-time credits)).

Liberty interests which are protected by the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Plaintiff does not have a constitutional right to a particular security classification or to be housed in a particular yard. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (increase in security classification does not constitute an atypical and significant hardship because "a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification")).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221–22 (citing *Meachum*, 427 U.S. at 225 (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"). "Changing an inmate's prison classification . . . ordinarily does

3

not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison." *Sawyer v. Jefferies*, 315 F. App'x 31, 34 (10th Cir. 2008) (citing *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (citing *Meachum*, 427 U.S. at 225)).  Plaintiff has not alleged that his assignment imposed any atypical and significant hardship in relation to the ordinary incidents of prison life.  *Cf. Wilkinson*, 545 U.S. at 223–24 (finding atypical and significant hardship in assignment to supermax facility where all human contact prohibited, conversation not permitted, lights on 24-hours-a-day, exercise allowed for only one hour per day in small indoor room, indefinite placement with annual review, and disqualification of otherwise eligible inmate for parole consideration).

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility.  *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007).  Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility.  *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 16, 2021, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**

4